IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIANNA L. LEACH, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:08-CV-1712-O |
| | § | |
| BELL HELICOPTER DIVISION OF | § | |
| TEXTRON CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Bell Helicopter Division of Textron Corporation's ("Bell Helicopter") Motion to Transfer Venue (Doc. # 5). Having reviewed the motion and the applicable law, the Court finds that Defendant's motion should be and is hereby **GRANTED.**

I.     BACKGROUND

This case involves an employment discrimination claim brought by Plaintiff Dianna L. Leach. According to the Complaint, Plaintiff resides in the City of North Richland Hills, which lies within the boundaries of Tarrant County, Texas. Compl. at 1. Plaintiff initiated this action in the Dallas Division of the United States District Court for the Northern District of Texas on September 26, 2008. Doc. # 1. Defendant filed its Answer to Plaintiff's Complaint on October 23, 2008. Doc. # 6. On the same date, Defendant filed a motion to transfer the case to the Fort Worth Division pursuant to 28 U.S.C. § 1404. Doc. # 5. Defense counsel attempted to confer with Plaintiff's counsel concerning the merits of this motion on two separate occasions. *See Id.* at 7, Certificate of Conference. Plaintiff's counsel did not return calls to discuss the merits of this motion. *Id.* Further, Plaintiff has not responded to this motion. The motion is ripe for decision.

1

II.     LEGAL STANDARD

A district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. §1404(a).  When considering a motion to transfer venue, a district court must consider a number of private and public interest factors 'none of which can be said to be dispositive weight."  *In re Volkswagen of Am. Inc.*, 545 F.3d 315 (5th Cir. 2008); *see also In re Horseshoe Entm't*, 337 F.3d 429, 434-35 (5th Cir. 2003).  The private factors include: (1) access to sources of proof; (2) the availability of the compulsory process power; (3) costs to witnesses of appearing; and (4) any other practical considerations affecting the ease and expense of trial.  *In re Volkswagen of Am. Inc.*, 545 F.3d at 315.  The public interest factors include: (1) judicial economy; (2) interests associated with having local interests decided locally; (3) forum familiarity with the law at issue; and (4) problems arising from conflict of law.  *Id.*

III.    ANALYSIS

When ruling on a motion to transfer venue, the first issue that a district court must decide is whether the district or division to which transfer is sought is one where the civil action "might have been brought."  28 U.S.C. § 1404.  As previously discussed, Plaintiff resides in the City of North Richland Hills, which lies within the boundaries of Tarrant County, Texas.  That county lies in the jurisdiction of the Fort Worth Division of United States District Court for the Northern District of Texas. 28 U.S.C. § 124(a)(2).  According to Defendant, Plaintiff worked at its Bell Helicopter Hurst facility which lies within the boundaries of Tarrant County, Texas and is within the jurisdiction of the Fort Worth Division.  *Id.*  Under 28 U.S.C. § 1391(b), a federal question claim, like the one asserted by Plaintiff in this suit, may be brought in "(1) a judicial district where any defendant

2

resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of

the events or omission giving rise to the claim occurred, or a substantial part of the property that is

the subject of the action is situated, or (3) a judicial district in which any defendant may be found,

if there is not district in which the action may otherwise be brought." *Id.* Based on the

uncontroverted assertion that the actions complained of occurred at the Hurst facility, there is no

question that the Fort Worth Division is a forum where this lawsuit could have been brought.

Next, Defendant has the burden to demonstrate that the Fort Worth Division is clearly more

convenient than the Dallas Division. This means that Defendant must show good cause by

demonstrating that the transfer is "[f]or the convenience of the parties, in the interest of justice."

*In re Volkswagen of Am. Inc.*, 545 F.3d at 314. "When the transferee forum is no more convenient

than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum

is clearly more convenient, a transfer should be ordered." *Id.*

Here, Defendant contends:

It is undisputed that the alleged claims arose in Hurst, where Bell is located and where
Plaintiff worked. Bell has no operations in Dallas, Texas. (Harrington's Declaration ¶ 8).
In fact, Bell is unaware of anything in the Dallas Division that is even marginally related to
this litigation. Most of the sources of proof are located in Tarrant County. (Harrington's
Declaration ¶ 4-6). Most of the witnesses, including Plaintiff, work and/or reside in the Fort
Worth area. (Harrington's Declaration ¶ 5). Most of the documentary proof is in Hurst.
(Harrington's Declaration ¶ 6). Finally, the citizens of the counties in the Dallas Division
have no concrete interest in the resolution of this action between a Fort Worth resident and
a Hurst business. Def. Mot., p. 5.

Based on this evidence, the Court finds, after considering all of the public and private factors,

the interests of justice are best served if this case is transferred to the Fort Worth Division for the

convenience of the parties and witnesses. *See In re Volkswagen of Am. Inc., supra.*

IV.      CONCLUSION

The Court has found that the division to which Defendant seeks to transfer this case, the Fort Worth Division, is one where this civil action "might have been brought" for purposes of 28 U.S.C. § 1404.  Additionally, after analyzing the factors outlined by 28 U.S.C. § 1391(b), the Court finds that the Fort Worth Division is a proper forum for this lawsuit.  Finally, Defendant has met its burden to show that the Fort Worth Division of the Northern District of Texas is clearly the more convenient forum for the parties and witnesses and in the interests of justice.  It is therefore ORDERED that Defendant's Motion to Transfer Venue (Doc. # 5) is hereby GRANTED.  It is FURTHER ORDERED that pursuant to 28 U.S.C. § 1404(a) this case is TRANSFERRED to the United States District Court for the Northern District of Texas, Fort Worth Division.

SO ORDERED on this 31st day of March, 2009.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

4